# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL DIAZ ESPINOZA, | Case No. 5:26-cv-02885-AJR |
| Petitioner, | **ORDER ISSUING TEMPORARY RESTRAINING ORDER TO PRESERVE THE COURT'S JURISDICTION** |
| v. | |
| MARKWAYNE MULLIN, ET AL., | |
| Respondents. | |

On May 27, 2026, Petitioner Isreal Diaz Espinoza ("Petitioner"), an immigration detainee represented by counsel, filed a Verified Petitioner for Writ of Habeas Corpus (the "Petition"). (Dkt. 1.) Petitioner contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b) and instead is subject to discretionary detention under 8 U.S.C. § 1226(a). (Id. at 9-11.) Petitioner seeks immediate release from custody, or in the alternative, an individualized bond hearing before a neutral Immigration Judge within seven days. (Id. at 12.) Pursuant to General Order 26-05, which applies to this case, Respondents must file an answer no later than June 3, 2026, and Petitioner then has until June 6, 2026 to file a reply. (Dkt. 5.) General Order 26-05 also requires that Respondents provide at least two court days' notice to Petitioner, his counsel, and the Court of their intent to remove Petitioner from the Central District of California. (Id. at 6.)

On May 31, 2026, Respondents Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"), Rodney S. Scott, Commissioner of Customs and Border Protection ("CBP"), Jaime Rios, Acting Field Office Director for Los Angeles, Immigration and Customs Enforcement ("ICE"), Eddy Wang, Special Agent in Charge for Los Angeles, Homeland Security Investigations ("HSI"), ICE, and Warden of Adelanto Detention Center (collectively, "Respondents") filed a Notice of Intended Removal.  (Dkt. 6.)  The Notice of Intended Removal advises that Respondents "intend to remove Petitioner in two court days or shortly thereafter in accordance with his final removal order."  (Id. at 2.)  According to the notice, "ICE has served a notice of removal on the Petitioner, identifying him as scheduled for removal on June 4, 2026, in accordance with his Final Order of Removal."  (Id. at 2-4.)

The Court appreciates Respondents providing prompt notice of intended removal consistent with General Order 26-05 and issues the following temporary restraining order for the limited purpose of preserving the Court's jurisdiction to rule on the Petition. Therefore, **IT IS ORDERED** that Petitioner shall not be removed from the United States unless and until this Court orders otherwise.  See Cal. Energy Comm'n v. Johnson, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."); see also Belbacha v. Bush, 520 F.3d 452, 455-56 (D.C. Cir. 2008) ("If a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction.").

Further, given Petitioner's interest in participating in further proceedings before this Court and maintaining adequate access to legal counsel throughout the duration of these proceedings, **IT IS ORDERED** that Petitioner shall not be transferred outside the Central District of California absent further order from this Court.  See United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant

injunctive relief.").

The Court notes that Respondents' answer to the Petition is due no later than June 3, 2026.  Respondents are welcome to file their answer early if they want to expedite briefing.  Petitioner shall have 3 days from the filing of the answer to file a reply.  Once the deadline for Petitioner to file a reply passes, the Court intends to promptly rule on the Petition and vacate the temporary restraining order set forth herein.

**IT IS SO ORDERED.**

DATED:  June 1, 2026

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

3